IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **In re: JAY B. & CONSTANCE BRILEY** : | |
| | Case No. 10-20147-RGM |
| Debtors. : | Chapter 7 |
| _____ | |

### DEBTORS' MOTION TO AVOID JUDGMENT LIEN AS IMPAIRING EXEMPTION

COMES Now debtors, through counsel, and files this their motion to avoid the judgment lien of creditor Independence Federal Savings Bank on the ground that it impairs their right to an exemption under Va. Code §34-4.

Debtors filed this joint petition under chapter 7 on December 3, 2010. Listed on their petition was a joint debt based on a deficiency for property foreclosed upon in the District of Columbia to Independence Federal Savings Bank (hereinafter referred to as "the bank"). The bank then filed an action in Federal District Court for the Eastern District of Virginia, Alexandria Div. to collect on the deficiency. Judgment was entered against the Brileys on cross-motions for summary judgment. <u>Independence Fed. Savings Bank v. Briley, et ux, et al.</u>, Civ. Action No. 1:08-cv-1189. The bank then brought a creditors bill action in Fairfax Circuit Court, <u>Independence Fed. Savings Bank v. Briley, et ux, et al.</u>, Case no. CL2010-10195, which action was stayed by the filing of the instant bankruptcy petition. The bank has now sought to have the bankruptcy stay lifted in order to proceed in state court on its creditors' bill. Docket no. 10, filed December 27, 2010; preliminary hearing set for January 19, 2011.

David E. Jones     VSB #13014
11211 Waples Mill Rd., #210
Fairfax, VA 22030
703/591-3737

The debtors' residence is a townhouse located at 3859 Lewiston Pl., Fairfax, VA 22030. The own the property as tenants by the entirety. The property is listed on schedule A as worth $730,000. There is a first deed of trust loan to Chase Home Finance with a balance of $408,400. There is a second deed of trust loan to USAA Fed. Savings Bank with a balance owed of $346,021. That is a total of $754,421. The bank has a claim against the debtors for over $1.4Million.

The debtors have filed a homestead deed claiming their interest in the property as exempt under Va. Code §34-4 of $1,000.[1]  Attached hereto is a copy of the homestead deed.

Pursuant to Bankruptcy Code §522(f), a debtor may avoid a lien if it is a judicial lien, §522(f)(1)(A), and it impairs their right to an exemption. The fact that there is no equity in the property beyond the two consentual liens is of no consequence. *Butler v. Southern O Corp.*, 196 B.R. 329 (Bkr. W.D. Va. 1996).

WHEREFORE, debtors respectfully request that the Court void the creditor's judgment lien as impairing their right to an exemption.

> Jay B. & Constance Briley
> By Counsel

/s/ David E. Jones
David E. Jones        VSB #13014
11211 Waples Mill Rd., Suite 210
Fairfax, VA 22030
703/591-3737
Counsel for debtors

---

[1] The original bankruptcy petition claimed the debtors' interest in the townhouse as exempt as tenants by the entirety property under Bankruptcy Code §522(b)(3)B). They have amended their petition to claim their interest in the townhouse as exempt under both the tenants by the entirety provision of the bankruptcy code and the Va. wildcard exemption.

*In re: Briley* - motion to avoid judgment lien

<u>                                          </u>CERTIFICATE OF SERVICE

       I hereby certify that on the 10th of January 2011, I sent, via first-class mail, postage pre-paid a copy of the foregoing lien avoidance motion to interim chapter 7 trustee, R. Bartl, 300 N. Washington St., #202, Alexandria, VA 22314; and served pursuant to Bankruptcy Rule of Procedure 7004(h)(1), a true copy on counsel for Independence Fed. Savings Bank, S. Nichols, 5301 Wisconsin Ave., N.W., #500, Washington, DC 20015.

                                                      /s/ David E. Jones
                                                      David E. Jones